IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

UNITED STATES OF AMERICA, )
    Plaintiff, )
                    ) Case No. 16-CR-20067
vs. )
                    )
DEON EVANS, )
    Defendant )

FILED
JAN 31 2018
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

## Motion of ineffective assistance of counsel

NOW COMES, the Defendant, DEON EVANS, pro-se, moves this Honorable Court to find that the Defendants current Federal Defender, Mr. David N. Rumley ineffective to reside as assistance in the above said case. In support thereof states as follows:

### I. Factual Background

1. On April 13, 2017, the government filed a notice of prior convictions pursuant to 21 U.S.C. 851 which qualified for the defendant to recieve a enhanced sentence.

2. On April 20, 2017, the defendants counsel Mr. David N. Rumley allowed the defendant to plead guilty before Magistrate Judge Eric I. Long to count 1 and count 2 of the indictment, without negotiating a plea agreement with the government.

3. On November 19, 2017, the defendant was delivered a copy of the PSR stating that the government had filed an 851 prior conviction notice.

1.

## II. Procedural History

4. Mr. David N. Rumley was appointed to the Defendant on November 7, 2016 and was doing his job as a Federal Defender Completey, following up on the current situations in regards of the defendants case and all. However when the government filed a notice of prior convictions pursuant to 21 U.S.C. 851 which qualified the defendants sentence to be enhanced on April 13, 2017, Mr. David N. Rumley not only did not advise the defendant of such governments notice, Mr. Rumley as well let the defendant plead guilty on April 20, 2017 to counts 1 and count 2 of the indictment for which the Defendant had no knowledge that he would be enhanced. For this detrimental reason the defendant has filed said motion of ineffective assistance of counsel.

## III. Standard of Law

5. The Sixth Amendment requires a defense attorney to carefully investigate all defenses of fact and law that may be available and the failure to do so may result in ineffective assistance of counsel where there is a reasonable probability that, had an adequate presentation of a defense occurred, a judge or jury could have reached a different verdict. Case Law: Strickland v. Washington, 466 US 668, 104 S Ct 2052, 80 L Ed 2d 674 (1984)

## IV. Argument

6. If Mr. David N. Rumley were to advise the defendant that the government had filed a notice of prior convictions the defendant would not have plead guilty to counts 1 and 2 of indictment.

7. Mr. Rumley after being contacted by the defendant in regards of this matter explained

2.

to the defendant that he would ask for the defendants sentencing to be continued so he can correspond with the government to straighten out the mistake that he had made. No change in regards to the matter at hand has change for which is why the defendant has filed said Motion of ineffective assistance of counsel.

Wherefore, Defendant Deon Evans respectfully requests that this court find that the Federal Public Defender Mr. David N. Rumley was ineffective in the defendants case and grant this motion and grant further relief as the court deems just and proper in this case.

Respectfully submitted, Deon Evans

# CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2018, I mail the foregoing to the clerk of the courts.

By: Dean A. Evans
Federal Defendant
Macon County Jail
333 S. Franklin St
Decatur, IL 62523