IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-CR-20067 |
| | ) | |
| DEON EVANS, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA'S OBJECTION
TO THE DEFENDANT'S MOTION TO CONTINUE**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, and Eugene L. Miller, Assistant United States Attorney, and hereby requests that this Court deny the defendant's motion to continue the trial in this matter scheduled to begin on January 21, 2020.

**INTRODUCTION**

This case is not complex, but it is quite old. The charges are straightforward. They relate to defendant Deon Evans's possession of firearms on August 24, 2016, during his admitted sale of heroin to a confidential source and while possessing methamphetamine during a traffic stop. Almost three and a half years later, Evans has not been brought to trial. The United States has prepared for the long-scheduled January 21, 2020, trial date and would be prejudiced by a continuance. Therefore, the United States objects to Evans's motion attempting to further delay the trial.

## BACKGROUND

On October 5, 2016, a federal grand jury charged Deon Evans with the distribution of heroin on July 29, 2016 (Count 1); the distribution of more than 100 grams of heroin (Count 2); carrying a firearm during a drug trafficking crime (Count 3); and possession of a firearm by a felon (Count 4), all on August 24, 2016. (R.1) These federal charges were not new to the defendant. He had previously been convicted of both federal drug trafficking and possessing a firearm during a drug trafficking crime.

Thereafter, the Court continued the trial date on three separate occasions. On the third occasion, the trial was continued because the parties were "working toward setting a change of plea hearing." (d/e 4/3/17) On April 20, 2017, Evans pleaded guilty to distributing heroin on July 29 and August 24, 2016 (Counts 1 and 2) without the benefit of a plea agreement. (d/e 4/20/17) Those guilty pleas still stand, but Evans has not been sentenced because he maintained his not guilty pleas to possessing firearms on August 24, 2016 (Counts 3 and 4). (d/e 4/20/17)

Therefore, the United States began preparing in earnest for trial, including filing numerous pleadings. (R.28, 30, 33, 35, 36) On May 12, 2017, the Friday before the jury trial was scheduled to begin the next week, the parties appeared before this Court for a final pretrial conference. (Change of Plea Hearing Transcript Dated May 12, 2017 at p. 2, hereinafter "Second Plea Tr.__"). The Court and the parties discussed stipulations, witnesses, exhibits, jury selection, jury instructions, and Evans's prior convictions. (Second Plea Tr.2-15) Evans's counsel then requested that the Court convert the final pretrial conference to a change of plea hearing. (Second Plea Tr.16-17) ("Your Honor, and

I assure you: We've been working on this pretty diligently."). Avoiding a trial, Evans signed a plea agreement pleading guilty to Count 3 (Carrying Firearms During a Drug Trafficking Crime). (Plea Agreement ¶35) Following a Rule 11 colloquy, the Court found that Evans's guilty plea was made knowingly and voluntarily, found a factual basis for the plea, accepted Evans's plea of guilty to Count 3, and vacated the trial date scheduled for the next week. (d/e 5/12/17)

The Court initially set sentencing for September 29, 2017, but continued the sentencing hearing until June 15, 2018, based on two motions to continue from Evans. (d/e 9/29/17; 1/12/18) Before sentencing, Evans filed a *pro se* motion alleging that his counsel was ineffective and obtained new appointed counsel. (R.46; d/e 2/9/18) Then, just before sentencing, Evans filed his first motion to withdraw his plea of guilty plea (R.48), which required a government response. (50) The hearing on Evans's motion, which was scheduled for September 17, 2018, was continued to October 15, 2018, on the defendant's motion. On October 1, 2018, Evans filed an amended motion to withdraw his guilty plea (R.52), requiring a second government response. (R.54)

Evans then filed a motion requesting new counsel. (R.55) The Court granted the motion, appointing current defense counsel on October 15, 2018. (d/e 10/15/18) Current counsel is Evans's fourth different appointed attorney based on Evans's complaints about his counsel. The United States provided current counsel with discovery on October 26, 2018. Current counsel then filed Evans third separate motion to withdraw his guilty plea (R.58), requiring a third government response. (R.59)

On January 9, 2019, Chief United States District Judge Sara Darrow permitted the defendant to withdraw his plea of guilty to Count 3 and scheduled a jury trial for March 4, 2019. (d/e 1/9/19) Evans then moved to continue the trial date. (R.62) Chief Judge Darrow granted the motion and rescheduled the trial for July 15, 2019. (d/e/2/19) In the interim, a grand jury returned a superseding indictment. (R.63) On April 26, 2019, Evans filed a motion to dismiss certain counts of the superseding indictment. (R.67) As the July 2019 trial approached, the United States filed various pretrial motions (R.70-73), while Evans filed a motion to suppress evidence obtained during the August 24 traffic stop. (R.74)

While those motions were pending, Evans filed a motion to continue the July 2019 trial (R.77), which Judge Darrow granted, rescheduling the trial for August 12, 2019. (d/e 6/20/19) Evans then filed a motion to continue the August 2019 trial (R.78), which Judge Darrow granted, rescheduling the trial for November 18, 2019. (d/e 7/23/19) On August 30, 2019, Judge Darrow reassigned the case to this Court. (d/e 8/30/19) On September 13, 2019, this Court scheduled the jury trial of this matter for January 21, 2020, without objection by the parties.

On October 21, 2019, this Court held a hearing on Evans's motion to suppress. During the hearing, Illinois State Police Trooper Tom Lillard testified regarding the August 24, 2016, traffic stop and recovery of the guns and methamphetamine. Defense counsel was prepared and represented Evans during the suppression hearing. The next day, October 22, 2019, Evans filed another motion to dismiss certain counts of the superseding indictment. (R.89) The Court later denied both Evans's motion to dismiss

4

and to suppress evidence. (R.91, 93) In anticipation of the January 21, 2020, trial date, the United States filed a motion to admit statements on December 18, 2019. (R.92) Evans filed his response on December 27, 2019. (R.94)

Yesterday afternoon – the day before the scheduled final pretrial conference – Evans filed a motion to continue the trial because counsel "is still in the process of reviewing discovery." (R.95) The United States hereby objects.

## ARGUMENT

The Speedy Trial Act, 18 U.S.C. § 3161(c)(1), generally requires that a criminal trial commence within 70 days from the filing date of the indictment. The purpose of the Act is to protect both "the defendant from excessive pre-trial delay and incarceration by the government and to protect the public's interest in the speedy resolution of justice." *United States v. Larson*, 417 F.3d 741, 746 (7th Cir. 2005). This is a purpose that the Seventh Circuit takes seriously. *See United States v. Ramirez*, 788 F.3d 732, 736 (7th Cir. 2015) (vacating conviction, with prejudice to government, for six-month trial delay).

For these reasons, the Seventh Circuit has cautioned that "a trial date once set must be adhered to unless there are compelling reasons for granting a continuance." *United States v. Farr*, 297 F.3d 651, 655 (7th Cir. 2002) (quoting *United States v. Reynolds*, 189 F.3d 521, 527 (7th Cir. 1999)); *see also Morris v. Slappy*, 461 U.S. 1, 11 (1983) (trial judge's burden of coordinating a trial date "counsels against continuances except for compelling reasons."); *United States v. Hanhardt*, 155 F. Supp. 2d 861, 867 (N.D. Ill. 2001) ("This basic tenet cannot be overstated. Respect for the judiciary demands that the court

sets its schedule pursuant to the salient circumstances, and that that decision not be disturbed absent compelling reasons to do so.").

The decision whether to grant or deny a motion to continue is committed to the broad discretion of the trial court. *See Morris*, 461 U.S. at 11; *United States v. Isaacs*, 593 F.3d 517, 525 (7th Cir. 2010). In exercising that discretion, a trial court should weigh seven non-exhaustive factors: (1) the amount of time available for preparation; (2) the likelihood of prejudice from denial; (3) the defendant's role in shortening the effective preparation time; (4) the degree of complexity of the case; (5) the availability of discovery from the prosecution; (6) the likelihood a continuance would satisfy the movant's needs; and (7) the inconvenience and burden to the court and its pending case load.[1] *Id.*; *Farr*, 297 F.3d at 655; *United States v. Avery*, 208 F.3d 597, 602 (7th Cir. 2000). Each of these factors counsels against granting the requested continuance.

*Amount of time to prepare/availability of discovery:* Evans himself has known about these charges and had the opportunity to review discovery for over three years. In fact, the United States filed all their pre-trial documents in May of 2017, prior to Evans pleading guilty. Thus, Evans has known of the anticipated trial witnesses and exhibits for over two years. Current counsel was first provided with discovery on October 26, 2018, and has received additional information from the United States thereafter. The United States has responded to all requests by defense counsel for information and will

---

[1] Nonetheless, a court's congested calendar cannot be the sole basis for continuing a criminal case. *See Ramirez*, 788 F.3d at 736 (citing 18 U.S.C. § 3161(h)(7)(C) ("No continuance . . . shall be granted because of general congestion of the court's calendar.")).

6

continue to do so. Thus, counsel has had more than 14 months to prepare for the trial of this matter.

*Likelihood of prejudice/defendant's role/satisfy needs:* In his motion, Evans makes the conclusory and unsupported claim that he "would be prejudiced if forced to a jury trial on January 21, 2020." (R.95) Not only is there nothing in the record to support such a claim, the record contradicts such a claim. Counsel has demonstrated a familiarity with the discovery, having filed numerous pretrial motions, including a motion to suppress evidence and motions to dismiss the indictment. These motions required counsel to become familiar with the facts of the case. In addition, counsel prepared for a motion to suppress hearing and heard testimony from the arresting officer. These are the very same facts that will be presented during the trial of this matter.

Moreover, Evans's claim of prejudice from proceeding to trial is inconsistent with Evans's claims in his motions to dismiss certain counts of the Superseding Indictment. In those motions, Evans cited the Speedy Trial Act and argued that he was prejudiced by the delay between his offenses and the superseding indictment. (R.67, 89) The current trial date has been scheduled since September of 2019. Evans did not object at the time the date was scheduled or in the following months. Importantly, Evans's motion fails to establish how a continuance would satisfy any demonstrated need.

On the other hand, at this point, there would be prejudice to the United States from a further continuance. Due to the passage of time, a number of the DEA agents involved in the case have moved on to other offices, such as in Washington, D.C. and St. Louis. Thus, numerous witnesses have already planned out-of-state travel to testify at

the scheduled January 2020 trial. Moreover, witnesses have been forced to refresh recollections from events occurring three-and-a-half years ago. Further delay will only further prejudice the ability of the United States to present the testimony of these witnesses.

*Complexity:* This is not a complex case. It is a very straightforward federal drug and gun case. In fact, Evans himself has faced similar federal charges before. The offenses that are contested at trial all occurred in a single day. In fact, given that Evans has already pleaded guilty to distributing heroin that day, the trial will mostly focus on the traffic stop where officers recovered the firearms and methamphetamine.

*Inconvenience:* The United States is entitled to continuity of counsel. *See United States v. Napadow*, 596 F.3d 398, 404 (7th Cir. 2010) ("Among the factors that a district court must consider in deciding whether to grant an ends-of-justice continuance are . . . 'continuity of counsel.'"); *United States v. Wasson*, 679 F.3d 938, 945 (7th Cir. 2012) (continuity of government counsel cited as basis for ruling). Undersigned counsel is currently scheduled to try United States v. Johnson (Case No. 17-CR-20024) in February and United States v. Hari (Case No. 18-CR-20014) in March. Given those trial settings, unless the continuance was very short, the United States would need to request a trial setting in April. Given the posture of this case, such a continuance would be unreasonable.

WHEREFORE, the United States of America respectfully requests that this Court deny the defendant's motion to continue the trial date.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

s/ Eugene L. Miller
Eugene L. Miller, Bar No. IL 6209521
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217-373-5891
eugene.miller@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following CM/ECF participant:

>Steven N. Sarm, Esq.
>Erwin, Martinkus & Cole, Ltd.
>411 West University Avenue
>Champaign, IL 61824

>s/ Eugene L. Miller
>Eugene L. Miller, Bar No. IL 6209521
>Assistant United States Attorney
>201 S. Vine St., Suite 226
>Urbana, IL 61802
>Phone: 217/373-5875
>Fax: 217-373-5891
>eugene.miller@usdoj.gov